## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**NIKOLA NIKOLIC**
    **Plaintiff,**

v.                                                **CASE NO.:8:17-CV-1027-T-30TBM**

**PASTAMANIA INC., UMBERTO
SALUSTRI, JULIA SALUSTRI and
SIMONE SALUSTRI, individually,
    Defendants.**

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, NIKOLA NIKOLIC ("Plaintiff"), and Defendants, PASTAMANIA, INC. ("Pastamania"), a Florida corporation, UMBERTO SALUSTRI, Individually, JULIA (sic) SALUSTRI, Individually, and SIMONE SALUSTRI, Individually (collectively, "Defendants") (Plaintiff and Defendants will be referred to collectively as "Parties") hereby notify the Court that the Parties have resolved Plaintiff's Fair Labor Standards Act ("FLSA") claims raised in this matter and stipulate to the dismissal of all such claims in this action with prejudice. As such, the Parties file this Joint Motion for Approval of Settlement and Dismissal with Prejudice, stating as follows:

### FACTUAL BACKGROUND

1.      Plaintiff was employed as a server by Pastamania (the "Employment").

2.      Pastamania is a family-owned restaurant located in St. Armand's Circle, Sarasota, Florida. Umberto Salustri and Simone Salustri are owners, and Giulia Salustri works at the restaurant.

3.      On or about May 2, 2017, Plaintiff filed this action against Defendants for violations of the FLSA, 29 U.S.C. §201, *et. seq.*, in which he alleged he was not paid overtime premiums for all hours he worked in excess of 40 hours (Count I) and he was not paid a direct wage by Defendants for his work (Count II) [DE #1] (the "Lawsuit").

4.      Defendants contend Plaintiff was accurately and fully compensated (in wages and tips) for all hours worked.  Defendants dispute Plaintiff's claim, and also dispute his entitlement to liquidated damages and any alleged willful violation of the FLSA.

5.      On May 26, 2017, the Court entered a Scheduling Order [DE #9] requiring the filing of answers to the Court's interrogatories by Plaintiff [DE #10] and a Verified Summary by Defendants [DE #12].   Thereafter, counsel for the Parties engaged in preliminary settlement discussions and agreed to schedule mediation.

6.      At the mediation conference on September 19, 2017, without admitting fault or liability, Plaintiff and Defendants negotiated and reached an agreement to amicably resolve all disputed claims related to Plaintiff's Employment, including attorneys' fees and costs, subject to a fairness review and approval by the Court. See Mediation Report dated 09/22/17 [DE # 19].

7.      The parties have memorialized the settlement terms in a Settlement Agreement, Waiver and General Release ("Settlement Agreement").  As part of their settlement, the Parties have agreed to keep the terms of this settlement confidential, and this is an integral term to the Agreement. As such, the Settlement Agreement has been e-mailed separately to chambers for an *in camera* review.[1]

---

[1] This Court and other courts in the Middle District of Florida have permitted parties to submit settlement agreements involving FLSA claims for *in camera* review without having to file the settlement agreements in the public record. *See e.g., Popoca v. Cal-Maine Foods, Inc., et al.,* Case No. 8:14-cv-00412 (M.D. Fla. Apr. 25, 2014 (Lazzara, J.); *Doimeadios v. Jason's Hauling, Inc. et al.,* Case No. 09-cv-01003 (M.D. Fla. July 9, 2010) (Lazzara, J.); *Hassan v. Mansour,* Case No. 8:14-cv00360 (May 12, 2014) (Kovachevich, J.); *see also, Crabtree v. Volkert, Inc.,* No. 11-0529-WS-B, 2013 WL 593500, at *4 (S.D. Ala. Feb. 14, 2013) (inclusion of confidentiality clause is appropriate and should not prevent Agreement from being approved.)

## TERMS OF THE SETTLEMENT AGREEMENT

8.     Plaintiff will receive a total gross sum of $20,000.00. This amount includes settlement of Plaintiff's alleged FLSA claims including all claims for wages, liquidated damages, and consideration for a release of claims by Plaintiff broken down as follows:

      a.      Plaintiff shall receive the gross amount of $9,500.00 for wages/overtime;

      b.      Plaintiff shall receive the gross amount of $9,500.00 for liquidated damages; and

      c.      Plaintiff shall receive the gross amount of $1,000.00 as consideration for a general release of all releasable claims against Defendants.

9.     In settlement of any and all disputed claims for attorney's fees and costs, Plaintiff's counsel's law firm, Wenzel Fenton Cabassa, P.A., shall receive $10,000.00 as a compromise of the attorney's fees and costs incurred in this case.

10.    The agreements between the Parties to resolve Plaintiff's underlying FLSA claims were made without regard to the resolution of Plaintiff's attorneys' fees and costs. The parties negotiated and separately agreed to settle Plaintiff's attorneys' fees and costs for a total of $10,000.00.

11.    In the Eleventh Circuit, for a release and waiver of claims agreement to be considered effective under the FLSA, it needs to be approved by a Court or supervised by the United States Department of Labor. *See Lynn's Food Stores, Inc. v. United States Dept. of Labor,* 679 F.2d 1350, 1352-55 (11th Cir. 1982) (court must scrutinize the settlement agreement for fairness in FLSA cases); *see also Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. 2009) (court must ensure counsel's fees are reasonable).

## MEMORANDUM OF LAW

In agreeing upon their settlement reached herein, the Parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The Parties also respectfully submit that the settlement reached among the parties should be approved by the Court as fair and reasonable. See 29 U.S.C. §216(c); *Lynn's Food*, 679 F.2d at 1353. Pursuant to *Lynn's Food*, the Court's review of the Parties' agreement is to determine if it is "a fair and reasonable resolution of a *bona fide* dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Courts have routinely recognized a "strong presumption" in favor of finding a settlement fair. *See e.g., Gruendner v. Douce France Bakery, Inc.,* 2012 WL 3140917, *1 (M.D. Fla. Jul. 6, 2012); *Lalog v. Hilton Resorts Corp.,* 2011 WL 1659383, *1 (M.D. Fla. Apr. 4, 2012).

### *Fairness of Terms of Settlement*

The Parties' Settlement Agreement plainly complies with the spirit of *Lynn's Foods*. The Parties jointly confirm that they had a *bona fide* dispute regarding the application of the FLSA, and whether Plaintiff is entitled to payment of the wages Plaintiff claims are owed and how much, if any. Additionally, there is a dispute as to the applicable statute of limitations under the FLSA. Plaintiff asserts that the FLSA's three-year statute of limitations should apply based upon allegations of willful conduct, however, Defendants deny any willful conduct, assert the FLSA's two-year statute of limitations applies, and deny there is any basis for an award of liquidated damages.

At all times material hereto, Plaintiff and Defendants were represented by counsel experienced in litigating FLSA claims. Both the terms and conditions of the Parties' Settlement Agreement and the settlement amount were the subject of arms-length negotiations between counsel. The settlement amount was based on information learned through the exchange of Plaintiff's statement of claim, pay records, and time records. The Parties, therefore, respectfully submit that the Settlement Agreement they have entered into represents a reasonable compromise of Plaintiff's claims consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food. See e.g., Fernandez v. A-1 Duran Roofing, Inc.,* 2013 WL 684736, *2 (S.D. Fla. Feb. 25, 2013 (approving settlement where parties were represented by counsel).

In this case, there has been no fraud or collusion in the settlement of this matter and the settlement will prevent expensive, protractive, and uncertain litigation. To avoid the risks, uncertainties, and expense associated with further litigation, Plaintiff and Defendants have assessed their respective positions and consulted with their counsel before reaching agreement upon the terms of the settlement. Ultimately, the Parties decided that it is in their respective best interests to resolve this matter early through settlement rather than to proceed through costly litigation. This case involves contested issues of liability and the amount of damages, if any. If Plaintiff had proceeded to trial, a jury could have determined that he was not entitled to the recovery sought, in which case he would recover nothing. Instead, Plaintiff has negotiated payment through counsel that is satisfactory to the Parties and their counsel. The undersigned counsel, who are experienced in wage and hour matters, view the agreed upon settlement as a reasonable outcome for the Parties.

The Parties also recognize that Plaintiff's general release of claims is permissible since he is receiving separate and additional compensation above which he might have been entitled to

under the FLSA in exchange for this general release.  See *Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-00079-orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (general releases are permissible in FLSA cases where plaintiff is given compensation in addition to that which he or she is entitled under the FLSA, and the separate consideration is "wholly unrelated to the value of [the plaintiff's] FLSA claims").

In light of the *bona fide* dispute in this case concerning the applicability of the FLSA to Plaintiff's claims, whether Plaintiff is entitled to any of the monies Plaintiff claims he is owed, and the applicable statute of limitations, Plaintiff and Defendants submit that the resolution of Plaintiff's claims in this case is fair and reasonable given the risks, uncertainties, and expense of further litigation for all.  Accordingly, Plaintiff and Defendants request that the Court approve the Settlement Agreement as fair and reasonable in this case given the nature of the dispute, the legal issues involved, and the risks, uncertainties and expense associated with further litigation.

### ***Reasonableness of Attorney's Fees and Costs***

In FLSA cases, the court is required to review the reasonableness of counsel's fee to assure that counsel is compensated adequately and that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  However, if the matter of attorneys' fees is addressed separately and independently from the plaintiff's recovery and the settlement appears fair, then the court may approve the settlement without separately considering the reasonableness of counsel's fees. *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *see also Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-cv-01401-T-33JSS, 2015 WL 4478138, at *2 (M.D. Fla. July 21, 2015) (applying the reasoning in *Bonetti*); *Thede v. B&D*

*Waterblasting Co.*, No. 6:15-cv-00033-orl-28GJK, 2015 WL 4590593, at *3 (M.D. Fla. July 28, 2015) (applying the reasoning in *Bonetti*).

Under the terms of the Settlement Agreement, Plaintiff's counsel is being paid a total of $10,000.00 for fees and costs in representing Plaintiff from before commencement of the Lawsuit, through approval of the settlement, the conclusion of the case, and disbursement of funds – which was negotiated separately from the amount paid to Plaintiff to settle Plaintiff's alleged FLSA claims. *Bonetti*, 715 F. Supp. 2d at 1228. The proceeds that Plaintiff's counsel is to receive under the terms of the Settlement Agreement will be applied to (and shall fully satisfy all of) Plaintiff's litigation costs and attorneys' fees incurred in this matter for Plaintiff. Accordingly, the Court should approve the payment of this sum to Plaintiff's counsel's law firm for attorneys' fees and costs as part of the Settlement Agreement.

WHEREFORE, for the above and foregoing reasons, Plaintiff and Defendants respectfully submit that the settlement reached herein was a reasonable compromise that was arrived at after due consideration. Pursuant to *Lynn's Food*, the Parties jointly request that the Court approve the Settlement Agreement as a fair and reasonable resolution of the *bona fide* dispute under the FLSA between Plaintiff and Defendants, and dismiss this case **with prejudice**.

Respectfully submitted this ___ day of September, 2017.

/s/ Luis A. Cabassa
Luis A. Cabassa, Esq.
Florida Bar No. 0053643
*Attorney for Plaintiff*
WENZEL FENTON & CABASSA, P.A.
1110 N. Florida Ave.
Suite 300
Tampa, Florida 33602
Telephone: (813) 224-0431
Facsimile: (813) 229-8712
E-mail: lcabassa@wfclaw.com

/s/ Jessica M. Farrelly
Jessica M. Farrelly, Esq.
Florida Bar No. 0103055
*Attorneys for Defendants*
ICARD, MERRILL, CULLIS, TIMM, FUREN & GINSBURG, P.A.
2033 Main Street, Suite 600
Sarasota, Florida 34237
Telephone: (941) 366-8100
Facsimile: (941) 366-6384
Email: jfarrelly@icardmerrill.com